U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED **SEP - 5 2001**
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
VS. MICHAEL ANDREW GRAVES          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         CRIMINAL ACTION
    OPP - 2800 Gravier St.          (SOC. SEC. NO.)    00-104 "B"
    New Orleans, LA   70119                            (CASE NO./SEC.)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government,   Month    Day    Year
the defendant appeared in person on this date -------( September  5   2001 )

X WITH COUNSEL ReJohnna B. Mitchell, 1600 Canal St., Suite 110, N.O. LA 70112
Assistant U.S. Attorney: Carter K.D. Guice, Jr.  U.S. Probation Officer: Loretta Eglen
Court Reporter: Vic DiGiorgio                    Courtroom Deputy: Audry E. Steward

**PLEA:** X **GUILTY**, and the Court being satisfied that there is a factual basis for the plea. There being a finding of GUILTY on June 20, 2001 as to Count 1 of the Indictment. Defendant has been convicted as charged of the offense(s) of 18 USC §§ 1344 and 2 - BANK FRAUD.

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court adjudged the defendant guilty as charged and convicted and **ORDERED** that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 18 months as to Count 1, said sentence to run concurrently with defendant's prior undischarged state sentence. **IT IS FURTHER ORDERED** that the defendant make restitution to Orleans Public School Federal Credit Union in the amount of $15,395.00. The Court finds that the defendant does not have the ability to pay interest on the restitution. The Court will waive the interest requirement in this case. The payment of restitution shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at the rate of $250.00 per month. Assets obtained illegally must be forfeited to rightful owners. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years as to Count 1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court and shall not possess a firearm. In addition, the following special conditions are imposed: (1) The defendant shall provide the Probation Officer with access to any requested financial information. (2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer, unless the defendant is in compliance with the installment payment schedule. (3) The defendant shall participate in an orientation and life skills program as directed by the Probation Officer. **IT IS FURTHER ORDERED** that the defendant be remanded to the custody of the United States Marshal.

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment of $100.00 as to Count 1, which is due immediately.

**IT IS FURTHER ORDERED** that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of probation imposed above, **IT IS HEREBY ORDERED** that the general conditions of probation/supervised release set out on the reverse side be imposed.

**IT IS FURTHER ORDERED:**
[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
[ ] The court has determined that the defendant does not have the ability to pay interest. The interest requirement is (waived) (modified as follows):

SIGNED BY:
U.S. District Judge _____
    Fee                IVAN L.R. LEMELLE
X Process serv (IOCC'd)
X Dktd              (Date) 9/5/01
X CtRmDep
    Doc.No.

CERTIFIED AS A TRUE COPY **SEP - 5 2001**
ON THIS DATE _____
BY: Audry E Steward
    Deputy Clerk



**GOVERNMENT EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-104 |
| MICHAEL ANDREW GRAVES | SECTION "B" |

### ORDER REVOKING SUPERVISED RELEASE

On this 26th day of August, 2005, defendant Michael Andrew Graves appeared in court with counsel, George Chaney, Jr. - Federal Public Defender, and in the presence of Asst. U.S. Attorney Carter K.D. Guice, Jr. and U.S. Probation Officer Cornell Manuel, to show cause why defendant's supervised release should not be revoked. Accordingly,

Pursuant to the Sentencing Reform Act of 1984, **IT IS THE JUDGMENT** of this **Court that the defendant's term of supervised release, imposed on September 5, 2001, is hereby REVOKED and the defendant is hereby COMMITTED to the custody of the Bureau of Prisons for a period of six months as to Count 1.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the

district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court and shall not possess a firearm. In addition, the following special conditions are imposed:

(1) The defendant shall provide the Probation Officer with access to any requested financial information.

(2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer, unless the defendant is in compliance with the installment payment schedule.

(3) The defendant shall pay the restitution balance in the amount of $14,145.00, to be paid at a rate of $250.00 per month, beginning during imprisonment.

(4) The defendant shall participate in an orientation and life skills program as directed by the Probation Officer.

**IT IS FURTHER ORDERED** that defendant, Michael Andrew Graves, be remanded to the custody of the United States Marshal.

New Orleans, Louisiana, this the 26th day of August, 2005.

**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**

CLERK'S OFFICE
A TRUE COPY

AUG 26 2005

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, La.

-2-

Prob12C (7/93)

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana


FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 27 PM 1: 12

LORETTA G. WHYTE
CLERK

PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Name of Offender: MICHAEL ANDREW GRAVES        Case Number: 053L 2:00CR00104-001

Name of Sentencing Judicial Officer:  Honorable Ivan L. R. Lemelle

Offense:  18 USC 1344 and 2 - Bank fraud

Date of Sentence:  August 26, 2005 (Supervised Release Revocation)*

Sentence:  6 months custody of the Bureau of Prisons, followed by a three year term of supervised release.
*Original Sentencing Date- September 5, 2001

Special Conditions:

**GOVERNMENT EXHIBIT 3**

1. Financial disclosure
2. Financial restriction
3. Orientation and Life Skills
4. Pay restitution in the amount of $14,145.00, to be paid at a rate of $250.00 per month

Type of Supervision:    Supervised Release            Date Supervision Commenced:  January 03, 2006
Assistant U.S. Attorney:             Defense Attorney:  George Channey

---

## PETITIONING THE COURT

[ X ]  To issue a warrant                                              [  ]  To issue a summons

For the arrest of Michael Andrew Graves for alleged violations of Supervised Release, and that he be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Standard Condition No. 1 | Graves traveled outside of the Eastern District of Louisiana without the permission of his probation officer. On May 27, 2006 through May 30, 2006, Graves went to Memphis, Tennessee along with his girlfriend Ariana Aples. Graves did not have permission from his probation officer nor did he have a travel permit. |
| Standard Condition No. 2 | Graves failed to report for scheduled office appointments at the probation office on the following dates: May 8, 2006 and June 20, 2006. 25th |
| Standard Condition No. 3 | When confronted about a black Lincoln Navigator automobile parked in the parking lot of his apartment, Graves advised that he did not know who owned the vehicle. Graves later advised his probation officer that he was in possession of the above-mentioned vehicle which belonged to a friend identified as Marlene Johnson. |

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

Special Condition No. 4 — Graves has failed to make the court-ordered restitution payments of $250.00 per month. His current balance is $13,395.00. Since the commencement of his supervised release term, Graves has only made three payments toward his restitution totalling $750.00.

**CUSTODIAL STATUS:**

Graves is not in custody at this time.

_Cornell J. Manuel_
Cornell J. Manuel
U.S. Probation Officer

REVIEWED BY:
_Stephanie H. Williams_
Stephanie H. Williams
Supervising U. S. Probation Officer

---

**THE COURT ORDERS**

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_Signature of Judicial Officer_

6-26-06
Date

Address of Offender:   84 Antigua Drive Apt. C
                       Kenner, LA 70065

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
  Original         - Clerk's Office
  1 Copy Certified - U.S. Attorney
  1 Copy Certified - U.S. Marshal's Office
  2 Copies Certified - U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING



CLERK'S OFFICE
A TRUE COPY

JUN 27 2006

Deputy Clerk, U. S. District Court
Eastern District Of Louisiana
New Orleans, La.